IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:23-cr-67-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TITUS COSTON,

    Defendant.

ORDER

This matter comes before the court on Defendant's motion to correct his sentence [DE 46]. On March 7, 2024, the court entered its judgment sentencing Defendant to 115 months of imprisonment for his possession of firearm as a previously convicted felon. At the sentencing hearing, the court inquired into and accepted the finding that he possessed a "semiautomatic firearm that is capable of accepting a large capacity magazine" and thus determined his base offense level to be 26 pursuant to U.S.S.G. § 2K2.1(a)(1). Neither party objected to the base offense level at the time of sentencing.

Defendant timely moved to amend the judgement. He reports that after sentencing he confirmed the firearm he possessed did not have a "large capacity magazine, as it can [sic] not accept more than 15 rounds" of ammunition. DE 46 at 2. Rather, the firearm's magazine could hold only 12 rounds of ammunition. He thus contends his base offense level should have been 24 pursuant to § 2K2.1(a)(2).

The United States agrees with the requested relief's factual basis but ultimately opposes the request for relief. The United States argues that "the mistake amounts to harmless error and

the Court would have rendered the same sentence based on the information available at the time of sentencing." DE 47 at 3. On March 15, 2024, Defendant appealed the court's judgment.

As a threshold matter, although Defendant has appealed the judgment, this court may still decide the pending motion. The court lacks jurisdiction to alter defendant's criminal judgment while his appeal is pending. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The court may nevertheless deny any motion "made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed. R. Crim. P. 37(a)(2). Thus, upon full briefing and despite the appeal, the motion is ripe for disposition.

Defendant seeks to "correct" his sentence under Rule 35(a) of the Federal Rules of Criminal Procedure. "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetic, technical, or other clear error." Fed. R. Crim. P. 35(a). This "extremely narrow" exception to the rule that a court may not modify a sentence once it has been imposed "is intended . . . to extend only to those cases in which an obvious error or mistake has occurred in the sentence; that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a)." *See United States v. Fields*, 552 F.3d 401, 404 (4th Cir. 2009).

The factual mistake and resulting guideline computation presents no error warranting relief. First, Defendant failed to object to the court's finding that the offense involved a large capacity magazine and its resulting calculation of the base offense level. Defendant's failure to object constitutes waiver of his right to contest the issue on appeal. *United States v. Royal*, 754 F. App'x 182, 184 (4th Cir. 2018). Second, as the United States points out, the court announced at

sentencing that if it has miscalculated the advisory guideline range in any way or erroneously departed or failed to depart in any way, the court would have imposed the same sentence as an alternative variant sentence in light of all the section 3553(a) factors the court discussed. *See United States v. Gomez-Jiminez*, 750 F.3d 370, 382–86 (4th Cir. 2014); *United States v. Hargrove*, 701 F.3d 156, 160–65 (4th Cir. 2012). The sentence previously imposed was then, and remains today, sufficient but not greater than necessary in this case. For the foregoing reasons, the motion is DENIED.

SO ORDERED this 18th day of March, 2024.

Richard E. Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE